# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JADER FERREIRA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>FRONTLINE ASSET STRATEGIES, LLC; LVNV FUNDING, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JADER FERREIRA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, FRONTLINE ASSET STRATEGIES, LLC ("FRONTLINE"); LVNV FUNDING, LLC ("LVNV"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FRONTLINE maintains a location at 2700 Snelling Avenue N, Suite 250, Roseville, Minnesota 55113.

8. LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9. Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from FRONTLINE concerning a debt owned by LVNV, which originated with CREDIT ONE BANK and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 21, 2017, Plaintiff entered into a financial obligation to CREDIT ONE BANK ("CREDIT ONE").

16. The CREDIT ONE financial obligation was for Plaintiff's personal use.

17. The CREDIT ONE financial obligation was not for non-personal use.

18. The CREDIT ONE financial obligation was not for business use.

19. Plaintiff used the CREDIT ONE financial obligation for his personal use.

20. Plaintiff did not use the CREDIT ONE financial obligation for non-personal purposes.

21. Plaintiff did not use the CREDIT ONE financial obligation for business purposes.

22. The CREDIT ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The CREDIT ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CREDIT ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to February 21, 2017, the CREDIT ONE obligation was purchased by and/or sold to LVNV.

26. At the time the CREDIT ONE obligation was purchased by and/or sold to LVNV, the obligation was in default.

27. On or before February 21, 2017, LVNV referred the CREDIT ONE obligation to FRONTLINE for the purpose of collections.

28. At the time LVNV referred the CREDIT ONE obligation to FRONTLINE, the obligation was past due.

29. At the time LVNV referred the CREDIT ONE obligation to FRONTLINE, the obligation was in default.

30. Defendants caused to be delivered to Plaintiff a letter dated February 21, 2017, which was addressed to Plaintiff. **<u>Exhibit A</u>,** which is fully incorporated herein by reference.

31. The February 21, 2017 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE obligation.

32. The February 21, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receipt, Plaintiff read the February 21, 2017 letter.

34. The February 21, 2017 letter provides the following information regarding the balance claimed due on the CREDIT ONE obligation:

    Total Amount Due:  $575.60

35. The February 21, 2017 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

36. The outstanding balance claimed to be due by Defendants on the CREDIT ONE obligation as of February 21, 2017 includes an amount for interest.

37. The February 21, 2017 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

38. The outstanding balance claimed to be due by Defendants on the CREDIT ONE obligation as of February 21, 2017 includes an amount for costs and/or fees.

39. The February 21, 2017 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

40. At all times relevant to this matter, FRONTLINE has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

41. At all times relevant to this matter, FRONTLINE has not held a license issued by the New Jersey Department of Banking and Insurance.

42. At all times relevant to this matter, FRONTLINE has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

43. At all times relevant to this matter, LVNV has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

44. At all times relevant to this matter, LVNV has not held a license issued by the New Jersey Department of Banking and Insurance.

45. At all times relevant to this matter, LVNV has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

46. Upon information and belief, CREDIT ONE held a license with the New Jersey Department of Banking and Insurance at all relevant times herein.

47. At no time was FRONTLINE authorized to charge or add interest to Plaintiff's account.

48. At no time was FRONTLINE authorized to collect interest on Plaintiff's account.

49. At no time was FRONTLINE authorized to collect on Plaintiff's account.

50. At no time was LVNV authorized to charge or add interest to Plaintiff's account.

51. At no time was LVNV authorized to collect interest on Plaintiff's account.

52. At no time was LVNV authorized to collect on Plaintiff's account.

53. FRONTLINE was not permitted by law to add interest, late charges or other charges to the balance of the CREDIT ONE obligation.

54. LVNV was not permitted by law to add interest, late charges or other charges to the balance of the CREDIT ONE obligation.

55. As FRONTLINE did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CREDIT ONE obligation.

56. As LVNV did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CREDIT ONE obligation.

## POLICIES AND PRACTICES COMPLAINED OF

57. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character or amount of the debt.

58. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

59. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

60. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

61. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

62. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

63. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

64. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

65. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

66. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

68. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

69. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

70. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CREDIT ONE obligation included an amount for interest and an amount for costs and/or fees.

71. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the February 21, 2017 letter.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the February 21, 2017 letter.

74. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

75. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

76. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the CREDIT ONE obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

77. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

78. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

79. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

81. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

82. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

83. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

84. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

85. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

86. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

87. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

88. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

89. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

042616

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

```
Department 877
PO Box 1259
Oaks, PA 19456
```



**TO MAKE AN ONLINE PAYMENT ARRANGEMENT VISIT WWW.PAYFRONTLINE.COM**

JADER FERREIRA

034925

Frontline Asset Strategies, LLC
2700 Snelling Ave N.
Ste 250
Roseville, MN 55113

Date: 02/21/2017

| | |
|---|---|
| Current Creditor to whom the debt is owed: | LVNV FUNDING LLC |
| Original Creditor: | CREDIT ONE BANK, N.A. |
| Original Creditor#: | xxxxxxxxxxxx9405 |
| Charge-off Date: | 01/12/2017 |
| FAST #: | |
| Total Amount Due: | $575.60 |

Dear JADER FERREIRA:

Your current creditor has placed the above-mentioned account in our office to resolve. Your lack of communication may result in the enforcement of your current creditor's rights on your contractual agreement. Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

As of the date of this letter, you owe $575.60. Go to our secure website, www.payfrontline.com, make payment in full or to see what payment options may be available to you.

If you cannot make payment in full, please call our office at 877-258-1590 to discuss alternate payment arrangements. Remember, we here at Frontline Asset Strategies are here to assist you in resolving this outstanding debt and moving forward. We strive to work with you, not against you.

Thank you for your time and attention regarding the resolution of this debt. Nothing contained in this letter changes or alters your consumer rights. Calls to or from this company, along with communications via live chat, may be monitored or recorded.

Sincerely,
Troy Tratar
877-258-1590
Frontline Asset Strategies, LLC

**IMPORTANT NOTICE**
This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Please see the reverse side or next page for important consumer notices.
Frontline Asset Strategies, LLC • 2700 Snelling Ave N. • Ste 250 • Roseville, MN 55113
Toll Free: 877-258-1590 Fax: 6516212879
Hours of Operation: Monday-Friday 7AM-9PM CST • Saturday 8AM-12PM CST



MEMBER
ACA INTERNATIONAL
The Association of Credit and Collection Professionals